IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SCOTT ANDREW WILLIAMS, | : |
| Petitioner, | : |
| VS. | : |
| | : CASE NO. 5:13-CV-416-MTT-MSH |
| Warden SCOTT CRICKMAR, | : |
| Respondent. | : |

## O R D E R

Petitioner Scott Andrew Williams, an inmate at Hays State Prison, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, in which he challenges his July 1996 conviction (ECF No. 1). He has also filed a motion to proceed *in forma pauperis* (ECF No. 2). As it appears that Petitioner is unable to pay the cost of commencing this action, Petitioner's application to proceed *in forma pauperis* is hereby **GRANTED**.

Although it appears that Petitioner's habeas application may be time-barred under 28 U.S.C. § 2244(d)(1), the Court will nevertheless allow it to go forward. Respondent can raise the statute of limitations and any other defenses in its responsive pleading. *See Day v. McDonough*, 547 U.S. 198 (2006) (district courts may consider *sua sponte* the timeliness of a state inmate's habeas petition but must accord the parties fair notice and an opportunity to present their positions).

Accordingly, **IT IS HEREBY ORDERED** that within thirty (30) days of the date of this Order, the Petitioner shall amend his petition to include every unalleged possible

constitutional error or deprivation entitling him to federal habeas corpus relief, failing which the Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial habeas petition.  If amended, the Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial and amended habeas petition.

**IT IS FURTHER ORDERED** that the Respondent file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases.  Either with the filing of the answer or within fifteen (15) days after the answer is filed, the Respondent shall move for the petition to be dismissed or shall explain in writing to the Court why the petition cannot be adjudicated by a motion to dismiss.  **Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.**

No discovery shall be commenced by either party without the express permission of the court.  Unless and until the Petitioner demonstrates to this court that the state habeas court's factfinding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

The Clerk of Court shall serve, by U.S. Mail, a copy of this Order, the Petition, and

any amendments thereto on the Respondent and on the Attorney General for the State of Georgia. The Clerk of the Court is further directed to serve a copy of this Order upon Petitioner. Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

SO ORDERED, this 29th day of October, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE