IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SCOTT ANDREW WILLIAMS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | CASE NO. 5:13-CV-416-MTT-MSH |
| | : | |
| Warden SCOTT CRICKMAR, | : | |
| | : | |
| Respondent. | : | |

_____

**REPORT AND RECOMMENDATION**

Presently pending before the Court is Respondent's Motion to Dismiss Plaintiff's petition for habeas relief as untimely. (ECF No. 7.) For the reasons described below, Respondent's motion should be granted and Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed as untimely.

**BACKGROUND**

On July 22, 1996, in the Superior Court of Butts County, Petitioner pled guilty to murder, kidnapping with bodily injury, and rape. (Pet. for Writ of Habeas Corpus 1, ECF No 1.) Petitioner was sentenced to life without parole consecutive to two additional life sentences. (*Id.*) Petitioner did not appeal his conviction or sentence.

On December 26, 2007, Petitioner filed a state application for habeas relief in Chattooga County. (Resp't's Ex. 1, ECF No. 9-1.) The Superior Court of Chattooga County issued a final order on February 15, 2013 denying Petitioner habeas relief. (Resp't's Ex. 2, ECF No. 9-2.) Petitioner filed an application for a certificate of probable

cause in the Supreme Court of Georgia on March 5, 2013.  (Resp't's Ex. 3, ECF No. 9-3.) The Supreme Court denied his application on September 23, 2013.  (Resp't's Ex. 4, ECF No. 9-4.)  Petitioner filed his federal application for habeas relief on October 21, 2013. (Pet. for Writ of Habeas Corpus 8.)

## DISCUSSION

**I.    The AEDPA limitations period**

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions.  "The purpose of the AEDPA is not obscure.  It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Court's habeas corpus jurisdiction."  *Hohn v. United States,* 524 U.S. 236, 264-65 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
> . . .
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Thus, in order to determine

2

whether a petition was timely filed, the Court "must determine (1) when the [collateral] motion was filed and (2) when [the] judgment of conviction became final." *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (internal quotation marks and citation omitted) (alterations in original).

**II.     Petitioner's Application is outside the AEDPA one-year limitations period.**

Here, the limitations period has expired and Petitioner's petition is untimely. Petitioner pled guilty and was sentenced on July 22, 1996. (Pet. for Writ of Habeas Corpus 1.) Petitioner thereafter had thirty days within which to file a notice of appeal. O.C.G.A. § 5-6-38(a). Petitioner did not file such notice or otherwise appeal the decision. Thus, Petitioner's judgment became final thirty days from July 22, 1996—August 21, 1996. *See* 28 U.S.C. § 2244(d)(1)(A) (explaining that in the context of determining the AEDPA limitations period, the judgment is final on the date of "the conclusion of direct review or the expiration of the time for seeking such review").

Petitioner had one-year from August 21, 1996, until August 21, 1997 within which to file his federal application for habeas relief unless the limitations period was tolled. 28 U.S.C. § 2244(d). Petitioner waited until December 26, 2007, to file his state application for habeas relief. (Resp't's Ex. 1.) This motion has no bearing on whether Petitioner timely filed his federal habeas petition because it was filed after the AEDPA limitations period expired. *See Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000) (explaining that "[a] state court petition . . . that is filed following the expiration of the limitations period cannot toll [the AEDPA] period because there is no period remaining to be tolled"). Likewise, Petitioner's application for a certificate of probable cause to appeal does not toll

the AEDPA limitations period because it was filed well outside the limitations period. Petitioner's federal application for habeas relief, filed October 21, 2013, over sixteen years after the expiration of the limitations period fails to invoke the jurisdiction of this Court. Petitioner's application for habeas relief is therefore untimely and Respondent's motion to dismiss should be granted.

## III.   Equitable Tolling

Petitioner argues in his response to Respondent's motion to dismiss that he is entitled to equitable tolling of the AEDPA limitations period because he was not specifically informed that the AEDPA became effective three months prior to his sentencing date. (Pet'r's Br. in Supp. of Resp. to Resp't's Mot. to Dismiss 3, ECF No. 10-1.) He argues that he should have been informed of the limitations period by his attorney, the court, or one of his prison facilities. (*Id.*) Petitioner further states that he only became aware of the right to file a federal habeas petition in preparing his state application for habeas relief. (*Id.* at 8-9.)

In *Holland v. Florida*, 560 U.S. 631 (2010), the United States Supreme Court held that the AEDPA limitations period is subject to equitable tolling. 560 U.S. at 645. However, equitable tolling requires the petitioner show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (quotation marks omitted). As to the first prong, the Court stated that only "reasonable diligence . . . not maximum feasible diligence" is required. *Id.* at 653.

Petitioner has failed to meet the requirements above. It is clear from his own

arguments that once Petitioner pursued his state application for habeas relief, he was able to determine that he was entitled to also file an application for habeas relief in federal court. Petitioner was clearly not diligently pursuing his rights for over ten years after his guilty plea and sentencing. To the contrary, it appears from the record as if Petitioner took no action regarding his right to appeal or seek habeas relief during that time. Furthermore, Petitioner's ignorance regarding the AEDPA procedural requirements is not the type of "extraordinary circumstance" that allows for equitable tolling. *See, e.g., Wakefiled v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling."); *Bell v. Sec., Dep't of Corr.*, 248 F. App'x 101, 102-103 (11th Cir. 2007) (declining to find "extraordinary circumstances" where inmate claimed he was prevented from determining the limitations period because he was declined access to a prison library). Petitioner's claim regarding equitable tolling should be denied and his application for habeas relief should be dismissed as untimely.

## IV.  Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

## CONCLUSION

For the reasons described above, it is recommended that Respondent's Motion to Dismiss (ECF No. 7) be GRANTED and Petitioner's action be dismissed as untimely. Since Petitioner cannot meet the requisite standard, a certificate of appealability should be denied. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 7th day of April, 2014.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE